## KIRK *vs*. THE STATE OF GEORGIA.

1. Even if a marriage between persons of color in December, 1865, was illegal, which is by no means apparent, yet, if they were living together as man and wife at the date of the act of 1866, the marriage relation was thereby established, and bigamy could be predicated thereon.
2. An indictment for bigamy need not state that the husband and wife are colored persons.

Criminal law. Bigamy. Persons of color. Husband and wife. Laws. Before Judge CRISP. Sumter Superior Court. October Term, 1879.

Kirk was indicted for bigamy and convicted. It appeared from the evidence that in December, 1865, he was married to Tiney Burke, and lived with her until about 1879. He then married another woman. After conviction, defendant moved for a new trial on the following, among other grounds:

(1). Because colored people could not contract marriage in Georgia until after the act of 1866.

(2). Because the indictment did not charge that defendant's first wife was colored, that being essential to the validity of the marriage.

The motion was overruled and defendant excepted.

HINTON & MATHEWS; SIMMONS & SIMMONS, for plaintiff in error.

C. B. HUDSON, solicitor-general, for the state.

JACKSON, Justice.

The defendant was indicted for bigamy and found guilty, he made a motion for a new trial, which was overruled, and he excepted.

1. There is no error of law discoverable from the record, and the case is fully made out. The defendant

married one woman in 1865, and lived with her from that. time till 1879, and then married another woman, the first wife still living. Even if the first marriage about Christ-mas, 1865, was illegal, which is not apparent, as defend-ant was then free and capable of contracting, he was liv-ing with that wife at the date of the act of 1866, which operated to make them married people, and his subse-quent marriage, while the first wife was alive, made bigamy.

2. It makes no difference that the parties were colored ;. at least their color need not appear in the indictment, and the conviction is right in every view we are able to take of the record. 12 *Ga.*, 142; *Mitchell vs. The State*, last term.

Judgment affirmed.